**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON**

IN RE:

| | |
|---|---|
| **LARRY WILSON HENSLEY** | **CASE NO. 11-50642** |
| **NANCY CAROL HENSLEY** | |
| | |
| **LARRY HENSLEY,** *et al.* | **PLAINTIFFS** |
| v. | **ADV. NO. 11-5052** |
| **ASSOCIATES FIRST CAPITAL CORP.** | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**

Associates First Capital Corporation ("Associates First"), the defendant in this proceeding, filed its Motion to Alter, Amend, or Vacate (Doc. 43) (the "Motion to Alter") seeking reconsideration of the Memorandum Opinion Regarding Cross-Motions for Summary Judgment and related Judgment (Docs. 41 and 42) (the "Decision"). Laura Hensley ("Debtor")[1] filed her Plaintiffs' Response to Motion to Alter Amend or Vacate (Doc. 45) and Associates First filed its Reply Memorandum (Doc. 49). Neither party requested a hearing, so the matter is submitted and ready for a decision.

The Motion to Alter argues the Court erred in determining Associate First's state court cause of action for mortgage reformation was time barred. Additionally, Associates First argues that the Debtors expressly waived their ability to assert a limitations defense by failing to timely assert the defense in a state court action pending prior to the petition date. Neither argument is persuasive.

---

[1] The joint debtor Larry Hensley died during the pendency of this case. Therefore, some references are to the "Debtors" when the reference deals with matters pertaining to both.

Relevant facts are set out in the Decision and the parties filed their joint stipulations in the record. *See* Doc. 35. No additional facts beyond these items and the record are required for this ruling.

<u>The Action for Reformation of the Mortgage Is Barred by the Statute of Limitations</u>

Statutes of limitations exist in general to bar stale claims arising out of transactions or occurrences that took place in the distant past. *Armstrong v. Logsdon*, 469 S.W.2d 342 (Ky. 1971).

> Statutes of limitation…promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and the right to be free of stale claims in time comes to prevail over the right to prosecute them.

*Wood v. Elling Corp.*, 20 Ca.3d 353, 362 (Cal. 1977); *see also Eastridge v. Fruehauf Corp.*, 52 F.R.D. 129 (W.D. Ky. 1971).

The Court properly determined Associates First did not seek reformation of the Mortgage within the time required by Kentucky law. Associates First has argued all along as if the limitations period was ten years, but that is not a certainty. An action for reformation of a mortgage based on mistake "shall be commenced within five (5) years after the cause of action accrued …." Ky. Rev. Stat. § 413.120(12) (West 2012). The action is not deemed to accrue until the mistake is discovered; provided, that, the movant must still commence the action within ten years of the execution of the mortgage. Ky. Rev. Stat. § 413.130(3) (West 2012).[2]

The Mortgage was executed March 31, 2000 (*see* Decision, p. 6), so the five year period ran on March 31, 2005. Associates First has taken for granted that it is entitled to the benefit of

---

[2] Ky. Rev. Stat. § 413.130(3) provides:
    In an action for relief or damages for fraud or mistake, referred to in subsection (12) of
    KRS 413.120, the cause of action shall not be deemed to have accrued until the discovery of the
    fraud or mistake. However, the action shall be commenced within ten (10) years after the time of
    making the contract or the perpetration of the fraud.

Ky. Rev. Stat. § 413.130(3). A review of the papers filed and arguments made confirm that Associates First has not made any arguments that justify an extension beyond March 31, 2005. The Decision was generous, however, and gave Associates First the benefit of Ky. Rev. Stat. § 413.130(3) and determined Associates First was too late even if the ten year limitations period applied. The Decision must stand.

Associates First asserts that its argument for reformation made in an amended complaint filed in October, 2010, months after the limitations period expired, should relate back to the date the original complaint was filed. The original complaint was filed February 10, 2010, a short time before the ten year limitations period expired.

A claim asserted in an amended pleading relates back to the date of the original pleading if the claim arises out of the same conduct, transaction or occurrence. Ky. R. Civ. P. 15.03(1) (2012).[3] The facts asserted in the original complaint must also provide the basis of the new claim. *Underhill v. Stephenson*, 756 S.W.2d 459 (Ky. 1988); *Halderman v. Sanderson Forklifts Co., Ltd.*, 818 S.W.2d 270 (Ky. Ct. App. 1991). Courts should generally allow a claim asserted in an amended pleading if the claim can be established by the same evidence and does not take the defendant by surprise. *Richardson v. Dodson*, 832 S.W.2d 888 (Ky. 1992). Relation back is not allowed if the party asserts entirely different conduct as the basis for the amendment. *Mitchell v. Mercy Ambulance Service, Inc.*, 847 S.W.2d 65 (Ky. App. 1993).

In the original Complaint for Foreclosure, Associates First asserted two claims for relief – first for a judgment that the Debtors were in default on a note held by Associates First and second that Associates First held a valid first mortgage lien on the Debtors' real property. In the

---

[3] Ky. R. Civ. P. 15.03(1) provides:
> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

3

First Amendment to Complaint, filed on October 14, 2010, Associates First added two additional claims. The initial claim sought reformation of the mortgage due to a mutual mistake of the parties or due to a scrivener's error. The second new claim was for equitable subrogation to the rights of the prior holder of the note and mortgage, Union Bank and Trust Company, and for an equitable lien against the Debtors' interest in the real property.

In the original complaint, Associates First alleged facts relating to the existence of the note and mortgage, Associates First's status as a holder and owner of the note and mortgage, the Debtors' default and the sums due. These alleged facts do not provide a factual basis for the claims of mortgage reformation or equitable subrogation. Both new causes of action require newly alleged facts not present in the original complaint. The claims added to the First Amendment to Complaint do not relate back to the claims in the Complaint for Foreclosure. Therefore, the claim for reformation first asserted in October 2010 was made more than ten years after the mortgage contract was created. *See Martin v. Hall*, 180 S.W.2d 390, 396 (Ky. 1944) ("[A]n amendment which sets up a new cause of action from the first sued on, and which cannot be sustained by the same evidence…will not relate back to the commencement of the action.").

The Debtors Are Not Barred from Raising the Statute of Limitations in this Action

Associates First argues the Debtors are barred from raising the statute of limitations in this proceeding because they did not assert the statute as an affirmative defense in their answer to the amended complaint. The statute of limitations is an affirmative defense (Ky. R. Civ. P. 8.03 (2012)) that is asserted in the responsive pleading or by a motion to dismiss filed in lieu of an answer. Ky. R. Civ. P. 12.02 (2012); *Underwood v. Underwood*, 999 S.W.2d 716, 720 (Ky. Ct. App. 1999). In general, if not pled, the failure constitutes a waiver of the defense. *Com., Dept. of Highways v. Chinn*, 350 S.W.2d 622, 623 (Ky. 1961).

4

The Debtors did not assert the statute of limitations as a defense in their answer to the amended complaint, but the failure to plead the statute of limitations in the answer does not prevent reliance on the statute of limitations in this proceeding. There are a number of exceptions to the general rule of waiver, one of which is provided in Ky. R. Civ. P. 15.01, which states that leave to amend shall be freely given, and is "mandatory" when justice so requires. *See Farmers Crop Ins. Alliance, Inc. v. Gray*, 2010 WL 5018284, at *3 (Ky. Ct. App. 2010); *Burns v. Capitol Beverage Co.*, 472 S.W.2d 510 (Ky. 1971); *Caldwell v. Bethlehem Mines Corp.*, 455 S.W.2d 67 (Ky. 1970); *Curry v. Cincinnati Equitable Ins. Co.*, 834 S.W.2d 701) (Ky. Ct. App. 1992). Justice favors the Debtors in this instance.

The Debtors' answer to the amended complaint was filed in November 2010, just a few months before the bankruptcy was filed in March 2011. A review of the pleadings and papers filed in the state court action confirm no action was taken on the new or old claims. (*See* Doc. 40 in the main case no. 11-50642.). When the Debtors filed their petition under Chapter 7 of the Bankruptcy Code, they pursued this adversary proceeding asserting the statute of limitations as a bar to "any attempt Defendants may make to reform the mortgage." (Doc. 1.). The Debtors' actions were timely and without prejudice to Associates First (the only prejudice being that the Debtors pursued a winning argument).

Under the circumstances in this case, justice mandated that the Debtors have an opportunity to litigate a legitimate defense; that is, Associates First's claim for reformation was barred by the statute of limitations. The limitations defense was not waived under these circumstances.

IT IS HEREBY ORDERED that the Motion to Alter is denied.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Friday, November 16, 2012**
**(grs)**